UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


EDDIE SINKFIELD,
       Plaintiff,

vs

DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,
       Defendant.

Case No. 1:10-885
Litkovitz, M.J.

ORDER

## I. Introduction

Plaintiff Eddie Sinkfield, proceeding pro se, brings this action against the United States Department of Housing and Urban Development (HUD) seeking to compel the disclosure of information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B). The matter is before the Court on HUD's motion for summary judgment (Doc. 17); plaintiff's "Motion to Dismiss Defendant's Motion for Summary Judgment and Compel Disclosure of Records" (Doc. 19)[1]; HUD's reply memorandum in support of its motion for summary judgment (Doc. 20); and plaintiff's "Response to Defendant's Motion for Summary Judgment and Motion to Compel Disclosure of Records." (Doc. 21).

Plaintiff's response to HUD's motion for summary judgment and his motion to compel disclosure of records (Doc. 21) was filed over four months after HUD filed its motion and is properly construed as a supplemental memorandum in opposition to the motion for summary

---

[1] HUD appropriately construed Document 19 as plaintiff's response to the motion for summary judgment, and the Court will do the same. The Court notes that plaintiff's motion to compel disclosure of records refers to plaintiff's request for disclosure of documents under the FOIA rather than a request to compel disclosure of discovery documents.

judgment. Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), no additional memoranda beyond a motion, an opposing memorandum, and a reply memorandum will be permitted except upon leave of court for good cause shown. Plaintiff did not obtain leave of court before filing the supplemental memorandum. Nor is there good cause for filing the memorandum as plaintiff does not address new arguments or factual issues raised by HUD in its reply brief. Accordingly, the Court will not consider plaintiff's supplemental response when deciding HUD's motion for summary judgment.

## II. Facts

Plaintiff sent a letter to HUD dated September 24, 2010, requesting information pursuant to the FOIA. (Doc. 19, Exh. C). Plaintiff requested the "Technical and Price Proposals submitted by Workers Compensation Services, LLC" in response to HUD's "Request for Quotation (RFQ) Number R-PHI-01047 for Administration of Workers' Compensation Services, HUD Nationwide." (*Id.*). Plaintiff identified "Workers Compensation Services, LLC" as the entity awarded the contract [2]; he listed the contract number as C-PHI-01116; and he provided the names of individuals who had access to the requested documents. (*Id.*). Plaintiff successfully transmitted the letter to HUD by facsimile at the number listed on HUD's webpage. (*Id.* at 2; Exhs. A, B). When plaintiff failed to receive a response, he sent a letter to HUD informing it that because the time limit for complying with his FOIA request had expired, he was concluding HUD's non-compliance was a denial of the request and he was making a formal appeal of the decision. (*Id.* at 3; Exh. D). Plaintiff successfully transmitted the letter to HUD by facsimile at the same number listed on its webpage. (*Id.*). Plaintiff failed to receive a response from HUD,

---

[2] The correct name of the entity awarded the subject contract is "Workers Compensation Center, LLC." (Doc. 18, Attachment).

and he subsequently instituted this lawsuit on December 14, 2010. (Doc. 1).

Sheppard V. Williams, a HUD employee in HUD's Philadelphia Regional Office, is responsible for the coordination of all incoming FOIA requests to that office. (Doc. 17, Exh. A, ¶¶ 1, 2). All FOIA requests for documents in the Philadelphia office are transmitted through him for an initial review and determination as to whether the request is a proper request for agency documentation under the FOIA and whether the request has been received in the proper location. (*Id.*, ¶ 2). According to Mr. Williams, neither HUD headquarters nor the Philadelphia Regional Office has any record of plaintiff's September 24, 2010 FOIA request, and Mr. Williams first received notice of the request when plaintiff filed this lawsuit. (*Id.*, ¶ 3).

After receiving and reviewing plaintiff's FOIA request, HUD determined that it was prohibited from releasing the requested documents. (*Id.*, ¶ 5). Mr. Williams sent a letter to plaintiff advising him that HUD was processing "the September 24, 2010 FOIA request with noted receipt day as March 25, 2011" and that HUD could not release the Technical and Price Documents (hereinafter "Technical and Price Documents") plaintiff had requested for the following reason:

> These documents, which were not incorporated into the contract at time of award, are withheld pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3), as a vendor's technical and price information is not releaseable and [is] prohibited from disclosure in whole or in part unless incorporated into a contract. 41 U.S.C. 253(b)(m).

(*Id.*, ¶ 6; Attachment).

## III. Applicable law

### A. Summary judgment standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination

of an action. The court may grant summary judgment as a matter of law only when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

### B. The FOIA

FOIA cases are typically decided on summary judgment. *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). The district court's review of an agency's decisions regarding a request under the FOIA is *de novo*. 5 U.S.C. § 552(a)(4)(B); *Jones v. F.B.I.*,

4

41 F.3d 238, 242 (6th Cir. 1994).

There is a strong presumption in favor of disclosure under the FOIA. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citations omitted). The FOIA calls for full disclosure of the activities of federal agencies "unless information is exempted under clearly delineated statutory language." *Jones*, 41 F.3d at 242 (citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 361, 372 (1976) (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)). There are nine categories of exemptions under the FOIA pursuant to which agency records may be redacted or withheld in their entirety. *See* 5 U.S.C. §552(b)(1)-(9); *Rose*, 425 U.S. at 361. These exemptions are to be "narrowly construed," *Rose*, 425 U.S. at 361, and "the burden is on the defendant 'agency to demonstrate, not the requester to disprove, that the materials sought may be withheld due to an exemption.'" *Jones*, 41 F.3d at 244 (*citing Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991) (citing 5 U.S.C. § 552(a)(4)(B); *Ray*, 502 U.S. at 173).

The government may ordinarily justify its claim of an exemption under the FOIA through detailed affidavits, which are normally entitled to a presumption of good faith. *Rugiero*, 257 F.3d at 544 (citing *Jones*, 41 F.3d at 242) (citing *Ray*, 502 U.S. at 179). Evidence of bad faith on the part of the agency can overcome this presumption, even when the bad faith pertains to the activities that generated the FOIA request rather than the agency's action in connection with the FOIA action itself. *Id.* (citing *Jones*, 41 F.3d at 242-43). In the absence of evidence that contradicts the government's affidavits or establishes bad faith, the court's primary role in reviewing the government's claimed exemption is to review the adequacy of the affidavits and other evidence. *Id.* (citations omitted). "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are

reasonable and consistent with the applicable law, the district court should uphold the government's position." Id. (citations omitted).

## IV. Defendant's motion for summary judgment

Defendant HUD moves for summary judgment on the ground that the information plaintiff seeks is exempted from disclosure under 5 U.S.C. § 552(b)(3) (Exemption 3). Exemption 3 shields from disclosure documents that are "specifically exempted from disclosure by statute (other than section 552b of this title)" if such statute (1) "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or (2) "establishes particular criteria for withholding or refers to particular types of matter to be withheld." 5 U.S.C. § 552(b)(3).

Here, the statute on which HUD relies for the claimed exemption is the National Defense Authorization Act of 1997, 41 U.S.C. § 253b(m)[3]. Title 41 U.S.C. § 253b was effective at the time of plaintiff's FOIA request in September 2010, and provided:

> (m) Prohibition on release of contractor proposals
> (1) Except as provided in paragraph (2), a proposal in the possession or control of an executive agency may not be made available to any person under section 552 of Title 5.

---

[3]Title 41 U.S.C. § 253b(m) was replaced by 41 U.S.C. § 4702 effective January 4, 2011. Section 4702 provides as follows:
>  (a) Definition.--In this section, the term "proposal" means a proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal.
>  (b) Prohibition.--A proposal in the possession or control of an executive agency may not be made available to any person under section 552 of title 5.
>  (c) Nonapplication.--Subsection (b) does not apply to a proposal that is set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal.

As the two statutes do not differ substantively, the outcome of this case is the same no matter which statute is applied. Because plaintiff submitted his request when § 253b(m) was in effect and both parties treat that provision as the applicable statutory provision, the Court will likewise refer to § 253b(m) as the applicable statute in this Order.

6

> (2) *Paragraph (1) does not apply to any proposal that is set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal.*
> (3) In this subsection, the term "proposal" means any proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal.

(emphasis added).

HUD asserts that the requested proposal was not incorporated into the contract, as HUD explained in its letter denying plaintiff's request. (Doc. 17 at 4). HUD contends that disclosure of the requested information is therefore prohibited under 41 U.S.C. § 253b(m)(1) and the information was properly withheld as exempt under 5 U.S.C. § 552(b)(3) (Exemption 3).

In response to HUD's motion, plaintiff submits documentation to show that he followed the proper procedure for submitting a request under the FOIA and successfully transmitted his FOIA request and appeal of the presumed denial to HUD. Plaintiff argues that this evidence casts doubt on the veracity of Mr. Williams' representations that HUD did not receive notice of plaintiff's request. (Doc. 19 at 1-3). Plaintiff further argues that although HUD purportedly denies that a contract was created, there was in fact a contract that was based on the Technical and Price Documents he requested. (*Id.* at 4-5). In addition, plaintiff argues that Exemption 3 does not apply here because there is no statute that bars disclosure of the requested proposal. (*Id.* at 5). Plaintiff contends that 253b(m) does not bar disclosure because (1) the prohibition on the release of contractor proposals set forth in the statute applies only to proposals submitted by unsuccessful contract bidders, whereas the proposal he seeks was submitted by a successful bidder, and (2) § 253b(m)'s prohibition on the release of a proposal set forth or incorporated by reference in a contract has no applicability to this matter. (*Id.* at 5-6). Finally, plaintiff argues

7

that the cases HUD relies on to set forth general summary judgment and FOIA principles are distinguishable on their facts. (*Id.* at 6-7).

In reply, HUD does not deny that plaintiff sent his FOIA request to the agency, but HUD asserts it has no record of the request. HUD nonetheless contends that whether it received the request is immaterial because it processed the request upon learning of it through this lawsuit. (Doc. 20 at 1). HUD asserts it is not denying that a contract was created, only that the proposal submitted by the winning bidder was not incorporated into the ensuing contract. (*Id.* at 2). HUD reiterates that Exemption 3 applies to bar disclosure in this case as stated in Mr. Williams' Declaration. (*Id.*). Finally, HUD contends that contrary to plaintiff's assertion, § 253b(m) applies to proposals submitted by both unsuccessful and successful contract bidders, and it therefore bars disclosure of the proposal submitted by the successful bidder in this case. (*Id.*).

### IV. HUD is entitled to summary judgment.

As an initial matter, the Court finds that the evidence shows plaintiff successfully transmitted his FOIA request and his letter appealing the presumed denial of his request to HUD in September and October of 2011. (Doc. 19, Exhs. A-D). Although HUD failed to respond to plaintiff's request prior to the filing of this lawsuit, there is no evidence of record showing that HUD acted in bad faith either with respect to the handling of plaintiff's FOIA request or the awarding of the contract in question. Rather, Mr. Williams states in his Declaration that HUD has no record of plaintiff's FOIA request (Doc. 17-1, Williams Declaration, ¶¶ 3-4), and there is no evidence that casts doubt on the veracity of Mr. Williams' statements. Moreover, upon learning of plaintiff's request through this lawsuit, HUD processed the request and responded to plaintiff by explaining its reason for withholding the requested information. Thus, HUD is

presumed to have acted in good faith. The Court must therefore proceed to review the evidence submitted by the parties to determine whether HUD has carried its burden to show that the information plaintiff seeks is exempted from disclosure under Exemption 3 as asserted by HUD so as to justify its withholding of the requested documents.

First, there is no question that § 253b(m) requires that the matters covered by that statute - proposals in the possession or control of an executive agency - "be withheld from the public in such a manner as to leave no discretion on the issue" so as to fall within the purview of Exemption 3. *See* 5 U.S.C. § 552(b)(3)(A)(i). Section 253b(m) expressly states that such proposals "may not be made available to any person" unless the proposal is set forth or incorporated in a contract entered into between the agency and the contractor that submitted the proposal.[4] Section 253b(m) therefore leaves no discretion on the part of the agency but requires the agency to withhold proposals in its possession from disclosure unless a proposal falls under the stated exception. Proposals covered by § 253b(m) are therefore shielded from disclosure under Exemption 3.

The Court must then determine whether the Technical and Price Documents requested by plaintiff fall within the scope of § 253b(m) so as to be exempted from disclosure. The record evidence shows that (1) the Technical and Price Documents are a proposal within the meaning of § 253b(m)(3), and (2) the proposal was not incorporated into the subject contract. Mr. Williams states in his Declaration that the Contract Specialist assigned to the subject Request for

---

[4]Plaintiff argues that §253b(m) applies only to proposals submitted by unsuccessful bidders. However, there is no language in the statute that limits its applicability only to unsuccessful bidders. The statute must therefore be given its plain meaning and applied to all proposals, whether submitted by successful or unsuccessful bidders. *See U.S. v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001) (language of statute is starting and ending point of interpretation if plain meaning of the language is clear) (citation omitted).

Quotation reviewed the documents requested by plaintiff and determined that they could not be disclosed because "they contained proprietary information on technical approach, key personnel, past performance and price. . . ." (Doc. 17, Exh. A, ¶ 5). Plaintiff has submitted no evidence to contradict Mr. Williams' statement, which is entitled to a presumption of good faith. In addition, as authorized under the FOIA, the Court has conducted an *in camera* review of the Technical and Price Documents which HUD submitted under seal. (Doc. 18, Attachment). *See Rugiero*, 257 F.3d at 543 (FOIA authorizes courts to examine documents *in camera* when reviewing propriety of agency's withholdings) (citing U.S.C. § 552(a)(4)(B)). The Court finds the Technical and Price Documents fit the definition of a "proposal" under § 253b(m)(3).

Further, Mr. Williams states in his Declaration that as plaintiff was advised in the letter denying his FOIA request, the Technical and Price Documents could not be released because they were not incorporated into a contract and the documents were therefore exempt from disclosure pursuant to § 253b(m)(2). (*Id.*, ¶ 6). Mr. Williams has adequately stated HUD's reason for non-disclosure, and his statements are entitled to a presumption of good faith. *See Rugiero*, 257 F.3d at 544. Plaintiff has failed to offer any evidence that contradicts HUD's reason for non-disclosure, and the Court is therefore bound to accept HUD's position. *See id.*

For these reasons, defendant HUD has carried its burden to show that the Technical and Price Documents fall within the scope of Exemption 3. The documents are therefore exempted from disclosure under the FOIA.

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's motion to dismiss defendant's motion for summary judgment and compel disclosure of records (Doc. 19) is **DENIED**. Defendant's motion for summary judgment (Doc. 17) is **GRANTED**. Judgment is entered in favor of defendant. This case is **DISMISSED** from the docket of the Court.

Date: 3/15/12

Karen L. Litkovitz
United States Magistrate Judge

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Eddie Sinkfield<br>10653 Chester Road<br>Cinti, OH 45215 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4606 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540